AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
### for the
### District of Maryland

| | | |
|---|---|---|
| United States of America | ) | |
| v. | ) | |
| | ) | Case No.  13-2188 SKG |
| | ) | |
| | ) | |
| **JAMES HOWARD BABCOCK** | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of ____July 2007 until March 2012____ in the county of ____Baltimore City____ in the

_____ District of ____Maryland____ , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 29 U.S.C. § 501(c) | From on or about July 2007 until on or about March 2012, in the District of Maryland, James Howard Babcock, the defendant, while an officer, that is, Financial Secretary, of United Electrical, Radio, and Machine Workers of America Local 121 ("UE Local 121"), a labor organization engaged in an industry affecting commerce, did embezzle, steal, and unlawfully and willfully convert to his own use the moneys, funds, property and other assets of UE Local 121 in the approximate amount of $24,000. |

This criminal complaint is based on these facts:

See attached Affidavit.

☐ Continued on the attached sheet.

FILED _____ ENTERED
LODGED _____ RECEIVED

SEP 12 2013

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

_____
*Complainant's signature*

Special Agent Troy W. Springer
*Printed name and title*

Sworn to before me and signed in my presence.

Date: __9/13/13__

City and state: ____Baltimore, Maryland____

_____
*Judge's signature*

Magistrate Judge Susan K. Gauvey
*Printed name and title*

*AUSA M. Clarke*

**13-2188 SKG**

## AFFIDAVIT IN SUPPORT OF
## CRIMINAL COMPLAINT

I, Special Agent, Troy W. Springer, the complainant in this case, hereby state that the following is true and accurate to the best of my knowledge and belief:

The United Electrical, Radio and Machine Workers of America Local 121 ("UE Local 121") is an independent labor union located in Baltimore, Maryland. UE Local 121 represents and admits to membership persons employed as machinists at Clendenin Brothers, Inc., a company based in Baltimore that specializes in manufacturing non-ferrous and stainless steel fasteners and rivets for distributors. From 2002 through April 2012, James Howard Babcock ("the Defendant") served as the UE Local 121 Financial Secretary, a volunteer union officer position. As Financial Secretary, the Defendant was a signatory on a union operating bank account held at 1st Mariner Bank through which all of the union's deposits and disbursements were transacted. UE Local 121 income is derived solely from union membership dues. During the relevant period, the Defendant handled the financial responsibilities for UE Local 121, including, but not limited to, 1) writing all checks drawn against the UE Local 121 operating account; 2) financial accounting and bookkeeping of union deposits and disbursements; and 3) reviewing union financial reports to ensure the accuracy of all income and disbursements.

From at least July 2007 until in or around March 2012, the Defendant illegally and without lawful authority deposited, cashed and transferred to his own personal use approximately $24,000 in UE Local 121 union funds, in violation of 29 USC § 501(c). Since at least 2008 through early 2012, the Defendant signed checks drawn from the union operating account. During the relevant period, the Defendant wrote in excess of one hundred (100) checks to himself drawn against the union operating account, converting the proceeds to his own personal

1

use and benefit, and making misrepresentations on the memo lines of the checks, including "miss time" and "meetings". Additionally, the Defendant caused checks to be issued that were made payable to Comcast Communications ("Comcast") from the UE Local 121 operating account to pay for the internet and cable service at his personal residence. More specifically, the Defendant caused the following checks to be written from the UE Local 121 union operating account at 1st Mariner Bank to Comcast for unauthorized personal expenses: 1) Check number 1379 dated September 9, 2007 in the amount of $175.00; 2) Check number 1416 dated April 11, 2008 in the amount of $150.00; and, 3) Check number 1471 dated February 13, 2009 in the amount of $150.00. Additionally, the Defendant deposited or cashed the following checks drawn against the UE Local 121 union operating account at 1st Mariner Bank for his own personal use: 1) Check number 1637 dated January 23, 2012 in the amount of $185.28; 2) Check number 1635 dated January 26, 2012 in the amount of $555.84; 3) Check number 1636 dated January 27, 2012 in the amount of $277.92; 4) Check number 1641 dated February 15, 2012 in the amount of $370.56; and, 5) Check number 1651 dated March 13, 2012 in the amount of $370.56.

During an interview on May 30, 2013, the Defendant admitted falsifying the purpose of the checks in the memo sections of the checks, such as writing the words "meeting" or "meetings." The Defendant further stated that he intentionally stole the union's dues during the relevant period because he was having financial difficulties.

Furthermore, Form LM-3 is an annual financial report that must be filed with the U.S. Department of Labor ("DOL") by every union with total receipts less than $250,000. The Form LM-3 must be signed by the President and the Treasurer/Financial Secretary of the labor organization under penalty of perjury. The President and Treasurer/Financial Secretary of the union must certify that all information in the report is, to the best of their knowledge and belief,

true, correct and complete. The Defendant signed and personally submitted to DOL via U.S. mail Forms LM-3 for UE Local 121 for calendar years 2007, 2008, 2009, and 2010 that were not true, correct and complete, because the forms included materially false statements and misrepresentations of the expenditure and use of the union's funds. Specifically, the Forms LM-3 falsely reported that the Defendant received no financial disbursements or allowances for any of the years reported on the forms, despite the fact that the Defendant received and converted in excess of $24,000 in union funds during the period of time covered by the forms.

I hereby state under the penalties of perjury that the foregoing facts are true and accurate to the best of my knowledge and belief.

9/12/13
Date

Special Agent Troy W. Springer
U.S. Department of Labor - Office of Inspector General
Office of Labor Racketeering and Fraud Investigations

Sworn to before me and subscribed in my presence,

9/12/13 at 11: 20 am at   Baltimore, Maryland
Date and Time Issued

Susan K. Gauvey
United States Magistrate
District of Maryland

3